

**T**HE **C**ITY OF **N**EW **Y**ORK

**ZACHARY W. CARTER**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

TAVISH C. DEATLEY
Assistant Corporation Counsel
Phone: (212) 356-2409
Fax: (212) 356-1148
Email: tdeatley@law.nyc.gov

December 5, 2014

**BY ECF**
Honorable William H. Pauley
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    <u>Monthrose Lewis v. Police Officer Robert Roda</u>, 14 Civ. 7365 (WHP)

Your Honor,

        I am an Assistant Corporation Counsel in the office of the Corporation Counsel of the City of New York and the attorney representing defendant Police Officer Robert Roda in the above-referenced matter. Pursuant to Your Honor's October 3, 2014 Order, the parties write to respectfully inform the Court that the parties have conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. In addition, in advance of the initial conference presently scheduled for December 12, 2014 at 10:00am, the parties submit the instant letter detailing their discovery plan.

        As Your Honor is aware, this is a Section 1983 case alleging, *inter alia*, unlawful search, false arrest, and malicious prosecution. To date, the parties have been following the deadlines as set forth by the Southern District of New York's Plan for Certain §1983 Cases Against the City of New York ("The Plan"). Due to the facts and circumstances of this matter, the parties believe that following the deadlines of The Plan will provide the best opportunity for resolution. Accordingly, the parties respectfully request that Your Honor allow this case to move forward under The Plan. Alternatively, should Your Honor be inclined to set a different schedule for discovery, the parties submit the following for Your Honor's review:

    **26(f)(3)(A)**    Initial disclosures will be exchanged by December 12, 2014.

    **26(f)(3)(B)**    The parties require discovery in regard to the incident that forms the basis of plaintiff's claims, and defendants require discovery into plaintiff's claimed damages. The parties anticipate that fact discovery should be completed by May 12, 2015. Presently, the parties do not anticipate any expert discovery.

- 2 -

**26(f)(3)(C)**  At this juncture, the parties do not anticipate conducting discovery of any electronically stored information.  The parties do, however, reserve the right to seek discovery of electronically stored information if same becomes necessary during the course of this litigation.

**26(f)(3)(D)**  The protective order attached as Exhibit F to the 1983 Plan shall be deemed issued in this case.

**26(f)(3)(E)**  At this point, the parties do not propose any such changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure.

**26(f)(3)(F)**  At this point, the parties do not seek a Court order under Rule 26(c) or under Rule 16(b) and (c) of the Federal Rules of Civil Procedure.  It is possible, however, that defendants will seek a Rule 26(c) attorney's eyes only protective order for information that is protected by the law enforcement privilege.

      The parties thank the Court for its attention to this matter.

Sincerely,

/s

Tavish C. DeAtley
*Attorney for Defendant*

Sincerely,

/s

Gabriel Harvis
*Attorney for Plaintiff*