UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MONTHROSE LEWIS,

                        Plaintiff,

               -against-

Police Officer ROBERT RODA, Shield No. 001234; Police Officer DANIEL BEDDOWS, Shield No. 7398; Sergeant JUAN RODRIGUEZ, Shield No. 16076; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

14 CV 7365 (WHP)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Monthrose Lewis ("plaintiff" or "Mr. Lewis") was a resident of the State of New York during the events alleged herein.

7. Defendant Police Officer Robert Roda, Shield No. 001234 ("Roda"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Roda is sued in his individual and official capacities.

8. Defendant Police Officer Daniel Beddows, Shield No. 7398 ("Beddows"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Beddows is sued in his individual and official capacities.

9. Defendant Sergeant Juan Rodriguez, Shield No. 16076 ("Rodriguez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rodriguez is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 1:30 p.m. on October 3, 2012, Mr. Lewis was lawfully a passenger in a vehicle traveling in the vicinity of Baychester Avenue and Edenwald Avenue in Bronx, New York.

14. Defendants ordered the driver to pull the car over and proceeded to search Mr. Lewis, without his permission, the driver and the vehicle.

15. No contraband was ever recovered from Mr. Lewis.

16. Without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants arrested Mr. Lewis.

17. Mr. Lewis was taken to a police precinct.

18. At the precinct the officers falsely informed employees of the Bronx County District Attorney's Office that they had observed Mr. Lewis in criminal possession of marijuana and charged him with various related crimes including two felony charges.

19. At no point did the officers observe Mr. Lewis in possession of marijuana.

20. Plaintiff was eventually taken to Bronx Central Booking.

21. Mr. Lewis was arraigned in Bronx County Criminal Court, where he was released on his own recognizance after approximately fifteen hours in custody.

22. To defend against the criminal charges, Mr. Lewis hired a criminal defense attorney and was compelled to appear in criminal court on multiple occasions.

23. The criminal charges against Mr. Lewis were ultimately dismissed in June 2014.

24. Mr. Lewis suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
**Unlawful Stop and Search**

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

28.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

33.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

34. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The individual defendants created false evidence against plaintiff.

37. The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

38. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

-7-

## SIXTH CLAIM
### Failure To Intervene

40.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

42.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

43.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:      December 18, 2014
            New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorneys for plaintiff*